# MICHAEL H. PLUNKETT *vs.* THE DAVIS SEWING MACHINE COMPANY.

*Principal and Surety—Increase of Responsibilities of an Employee Whose Fidelity was Guaranteed by a Surety.*

Defendant guaranteed the faithful performance of a contract made by an agent with the plaintiff which provided that the agent should sell a certain kind of sewing machine, collect and remit the price, etc. The contract also specified the territory in which the agent was to act, and provided that he should devote his entire time to the work in that territory. The guaranty provided that the contract with the agent might be varied as to terms, prices or territory by agreement in writing between the agent and the plaintiff without impairing the liability of the surety. Subsequently, without any such agreement in writing, the territory in which the agent was employed was enlarged, and he was directed to sell other kinds of machines. The agent having made default in accounting for money collected by him, plaintiff sued on the guaranty. *Held,*

1st. That since the agent's responsibility was materially increased by an extension of the territory in which he was to act, and by the sale of a *greater* number of machines, the defendant was not liable for the agent's defaults committed after that time.

2nd. That whether the defaults for which the suit was brought did occur after such increase of the agent's responsibilities was a question for the jury.

Appeal from a judgment of the Court of Common Pleas, where the case was tried before the Court (DOBLER J.), without a jury. The guaranty sued upon was as follows:

"In consideration of one dollar to me in hand paid, the receipt whereof is hereby confessed and acknowledged, I hereby guarantee to the Davis Sewing Machine Company, a corporation duly created and existing under the laws of the State of New York, the full performance on the part of John C. Foote, of all and singular conditions contained in the within contract, and the payment by said John C. Foote of all indebtednesss or obligations incurred either by account,

notes, endorsement or guarantee of notes or leases, or otherwise, including renewals or extensions, and without notice to me to the full amount of his indebtedness. This is to be a continuing guaranty, and the actual notice of acceptance thereof is hereby waived. The within contract may be varied or modified as to terms, prices or territory, by the mutual agreement in writing of said Davis Sewing Machine Co., through its secretary, and John C. Foote, without in any way impairing or affecting my liability on this guaranty."

The following prayers offered by the defendant were rejected :

1st. If the Court shall find from the evidence that the plaintiff and John C. Foote entered into the agreement of June 6th, 1891, read in evidence, and that the defendant made the guaranty endorsed thereon, with the plaintiff, and that the agreement has been violated by John C. Foote— yet, if it shall further find that the plaintiff sent to John C. Foote and he accepted them, and the plaintiff has charged to him in the account offered in evidence machines of a different kind than those specified in the agreement, without the assent of the defendant, then the verdict must be for the defendant.

2nd. If it shall find from the evidence that the plaintiff and John C. Foote entered into the agreement of June 6, 1891, read in evidence, and that the defendant made the guaranty endorsed thereon with the plaintiff—yet if it shall further find that the form of contract for leasing of machines read in evidence was made after the agreement and guaranty offered in evidence, and was furnished by the plaintiff to John C. Foote, and used by him for it, then the verdict must be for the defendant.

3rd. If the Court finds from the evidence that the plaintiff authorized John C. Foote to sell machines named in the agreement offered in evidence, in other territory than Baltimore County, without the mutual agreement in writing between the plaintiff, through its secretary, and John C. Foote, then the verdict must be for the defendant.

There was a verdict for the plaintiff for $312.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, ROBERTS and BOYD, JJ.

*Edwin Higgins* for the appellant.

The case was submitted for the appellee on brief by *Millard F. Taylor* and *T. C. Ruddell.*

BRYAN, J., delivered the opinion of the Court.

The Davis Sewing Machine Company, a corporation, of the first part, and John C. Foote, of the second part, made an agreement in writing. We will quote some passages from it. It stated: "That the said party of the first part has this day appointed the said party of the second part its authorized agent for the sale of the Davis Sewing Machines, which sewing machines shall be consigned to him by the said party of the first part; and for the further purpose of collecting and remitting cash, notes and mortgage leases received from the sale of such machines; and for the further purpose of caring for, holding and storing such machines as are hereinafter specified, and for no other purpose whatever. The territory in which said sales and leases of said Davis Sewing Machines may be made by said party of the second part under this contract, is Baltimore County, in the State of Maryland." It contained the following among other stipulations: "Second. Said party of the second part shall continuously devote his entire time, skill, and best efforts to the vigorous prosecution of the business of selling and leasing said sewing machines in all parts of said territory, so that in every part of the same said business shall be continuously and vigorously prosecuted by the party of the second part." There are a number of clauses relating to the manner of transacting the business, collecting and paying over money and other details. The views which we have taken of this case make it unnecessary to refer to them more particularly. At the time this agreement was made, Plunkett,

the appellant, by a contract in writing made with the Machine Company guaranteed the performance by Foote of all the engagements contained in the agreement above mentioned, including the payment of all indebtedness to the Machine Company, which might be incurred by him.   The guaranty contained the following clause : " The within contract may be varied or modified as to terms, prices or territory, by the mutual agreement in writing of said Davis Sewing Machine Co., through its secretary, and John C. Foote, without in any way impairing or affecting my liability on this guaranty."   An action at law was brought on the guaranty by the Machine Company against Plunkett, and a judgment was obtained against him.

· The evidence tended to show that Foote had made default in several particulars and that he was indebted to the Machine Company in the sum of about five hundred dollars ; also that the said company had enlarged the territory within which he was to exercise his agency ; and that in addition to sending to him the Davis Sewing Machines, had sent him other machines of a different make, some of which were of a lower price and inferior quality and did not give satisfaction to customers ; and also that no agreement in writing had been made between Foote and the company (as it is expressed in the bill of exceptions) for a " variation or modification of the territory of his agency."   The record does not state in how many places beyond the limits of Baltimore County Foote was authorized to act as agent for the company.   It is very certain, however, that his responsibilities were materially enlarged by an extension of the territory within which he was to act.   A more onerous duty was imposed upon him, the purpose of which was that he should become responsible for his dealings with a greater number of machines, and necessarily for the collection and payment of a larger amount of money.   These changes were inconsistent with the duties which by the written contract he agreed to perform.   It was impossible for him (as he agreed by the second stipulation already quoted) to " devote his

entire time and skill and best efforts to the prosecution of the business " within the limits of Baltimore County. This obligation was eliminated from his contract with the Machine Company ; and in the place of it, another one was substituted which required skill, diligence and fidelity in a greater number of transactions, and throughout a larger extent of territory.

Plunkett, by his guaranty, agreed to become responsible for every failure of duty on the part of Foote in all cases embraced by the terms of his written contract. But he was not bound to anything beyond its terms, interpreted according to their intent and true meaning. The liability of a surety or guarantor is created entirely by his contract ; it is therefore strictly confined and limited to his contract. It is not a question whether he will be injured or benefited much or little by a change in its terms. No change can be made in them without his consent. All Courts have maintained that his responsibility cannot be extended by construction beyond the limits which he has himself fixed. In *Miller* v. *Stewart*, 9 Wheaton, 680, where a bond was given, conditioned for the faithful performance of the duties of the office of deputy collector of direct taxes for eight certain townships, and the instrument of the appointment, referred to in the bond, was afterwards altered so as to extend to another township, without the consent of the sureties, it was held that the surety was discharged from his responsibility for moneys subsequently collected by his principal. It will be seen that the Court decided that the extension of the appointment to the ninth district, was, in effect, an extinguishment of the appointment for the eight districts, and was a new appointment for the nine, and that the obligation of the surety did not apply to the new appointment. In *United States* v. *Kirkpatrick*, 9 Wheaton, 720, it was held as follows : " A bond, given on the 4th of December, 1813, for the faithful discharge of the duties of his office, by a collector of direct taxes and internal duties, appointed (under the Act of the 22d of July, 1813,

ch. 16.,) by the President, on the 11th of November, 1813, to hold his office until the end of the next session of the Senate, and no longer, and subsequently appointed by the President, with the advice and consent of the Senate, on the 24th of January, 1814, is to be restricted (as to the liability of the sureties) to the duties and obligations created by the collection Acts passed antecedent to the date of the bond. The second commission, issued under the appointment, with the advice and consent of the Senate, operates a revocation of the first commission, issued under the appointment by the President, which was to continue until the end of the next session of the Senate, and no longer ; and the liability of the sureties in the bond did not extend beyond the duration of the first commission."

In the case now before us the original agreement between the Machine Company and Foote was changed, and the effect was to make a new agreement with new terms substituted in the place of those which had been abandoned. By the contract of guaranty this might be done by mutual agreement in writing between the company and Foote ; but no other way was provided for doing it. The evidence in the cause was that no such agreement had been made.

The proof tends to show somewhat vaguely that the change was made in March, eighteen hundred and ninety-three, and that the defaults for which this suit is brought occurred after that time. If this be so, the plaintiff has no right of recovery. Of course, the question ought to be submitted to a jury ; or, in this case, to the Court sitting as a jury. Construing the third prayer of the defendant in connection with the evidence, we suppose that this is what it means, although it might have been more distinct. With this understanding of it we think that it ought to have been granted. The other prayers were properly rejected.

For error in the rejection of the defendant's third prayer the judgment must be reversed.

*Reversed and new trial.*